

AliLawGroup PC
Specializing in Workplace Law

October 1, 2013

<u>**VIA ECF**</u>
Magistrate Judge A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:     **Lisa Alter v. The Rocky Point School District, Mr. Michael Ring,**
         **U.S. EDNY CV 13-1100(JS)(AKT)**

Dear Magistrate Judge Tomlinson:

Pursuant to Federal Rules of Civil Procedure ("FRCP") 37, Plaintiff, by her counsel, moves this court for the entry of an order compelling the Defendants to fully comply with Plaintiff's discovery requests and cure their discovery deficiencies.

**Preliminary Statement**

Pursuant to FRCP 37 and Local Rule 37.3, after consultation by telephone, e-mail, and by correspondence, as referenced above, and despite Plaintiff's good faith attempts to resolve the discovery differences that prompt this Motion, Plaintiff is unable to reach an accord with Defendants through their counsel. This is due to no fault of the Plaintiff or her counsel. (See Certification and Exhibits with Email and Written Correspondence).

775 park avenue, suite 255
huntington, new york 11743
t 631.423.3440
f 631.824.9028
sima.ali@alilawgroup.com
www.alilawgroup.com

## I. Background And Evidence Of Good Faith Attempts To Resolve Disputes

In this action, Plaintiff served Defendants with written discovery consisting of requests for the production of documents and written interrogatories on June 18, 2013.  On or around July 31, 2013, after 6:00pm, the date Defendants' discovery responses were due; Defendants' counsel requested a thirty-day extension to reply to Plaintiff's discovery demands.  Plaintiff's counsel agreed and signed a stipulation.  (See Exhibit IV).  Defendants responded to Plaintiff's Request for Interrogatories on September 3, 2013, which was later than the agreed upon extension of August 30, 2013. (See Exhibit VI.) Defendants responded to Plaintiff's Request for Document Production on September 9, 2013, which was later than the agreed upon extension of August 30, 2013. (See Exhibit VII).[1]

Since June 2013, Plaintiff's counsel has been in regular communication with Defendants' counsel regarding the deadlines for discovery responses and regarding the scheduling of depositions. (See Exhibits I, II and III).  Defendants' counsel was fully aware of the deadlines in this case and the consequences under the FRCP for failure to adhere respond in a timely manner.  Further, Plaintiff timely served discovery responses in accordance with the Order issued by this Court.  Plaintiff executed a HIPPAA release and the parties executed a Confidentiality Stipulation. Plaintiff also obtained transcripts from NYS DOL Unemployment Insurance proceedings and provided copies to Defendants.  All such actions were taken before July 31, 2013.

Upon receipt of the Defendants' discovery responses and in preparation for Plaintiff's deposition, Plaintiff's counsel carefully reviewed Defendants' responses.  It became abundantly clear that the responses were not complete and were objectionable. At various recent times, in accordance with FRCP 37 and Local Rule 37.3, Plaintiff's counsel made good faith efforts to discuss and resolve disputes regarding Defendants' outstanding discovery responses via

---

[1] Notably, it appears the delays in the "paper" discovery process appear to have been a calculated stall tactic from Defendants. Defendants had more than ten (10) weeks to reply to Plaintiff's discovery demands and their excuses related to "vacation schedules" and the "start of school"  are palpably insufficient.

telephone, e-mail, and correspondence. (See correspondence between the parties attached as Exhibits I, II, and III).

Defendants' discovery responses lack transparency and were unequivocally made in bad faith in contravention of FRCP 34. Such incompleteness and bad faith on the part of Defendant in the discovery process materials disadvantages Plaintiff. Plaintiff objected to moving forward with deposition until Defendants have complied with the mandates of FRCP in good faith. Defendants' responses as a whole are objectionable and Defendants should be compelled to comply with the mandates of the FRCP. Further with respect to the documentary evidence, Plaintiff provided specific and detailed objections to Defendants' responses and production. (See September 23, 2013 letter from Ali Law Group in Exhibit I).

Defense counsel did provide a response to this letter, however Defendants' response appears only to be further evidence of Defendants' bad faith and lack of compliance. Most notably, in defendants' September 9, 2013 document production response, Defendants responded "none" to request numbered 10 through 14 and 16 though 18. (See Exhibit VII). However, in Defense counsel letter served on September 25, 2013 (another document that was misdated by Defense counsel as September 24, 2013 and see misdated notice of deposition in Exhibit V) Defendants implicitly assert that there are documents that exist as certain documents are protected under privilege and also that a search will be conducted for other documents. This blatant falsehood in Defendants' response should be addressed and Defendants should be compelled to provide documentation that they have in their possession responsive to these requests. Defendants should also be reminded of their obligations to participate in the discovery process in good faith and should be reprimanded in some manner for conveying false information in their September 9, 2013 document production responses. *Residential Funding Corporation v. DeGeorge Financial Corporation*, 306 F.3d 99 (2d Cir.2002); *Reilly v. Natwest Markets Group, Inc*., 181 F.3d 253, 268 (2d Cir.1999); see also *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 75 (S.D.N.Y.1991)

## II. Specific Objections to Document Production Responses and
## Basis for Motion to Compel Pursuant to Local Rule 37

A.  Plaintiff's Objections to Defendants' Document Production Responses:


**(1) Plaintiff's Objections to Defendants' Failure to Engage in Electronic Discovery**

 Plaintiff objects to Defendants' overall failure to conduct electronic discovery in response to requests one through 24.   It is important to note that counsel for both sides discussed the issue of electronic discovery at the initial conference in May 2013.  It was clear that there was a limited scope of inquiry related to electronic discovery at issue in this case.  Plaintiff's discovery demands were crafted specifically related to subject matter and in time limits.  In all instances with regard to requests for electronic discovery Defendant either responded with a general referral to all the numbered exhibits or quite simply "none".  There was no objection with regard to the requests.

 An example of the discrepancy in the Defendants' document production with respect to electronic discovery can be found in comparing an email chain from June 30, 2010.  In Defendants' production the produced only one thread in document bate stamped 00216.  Plaintiff had in her possession the entire thread and included such documents in her production, documents bate stamped Alter000029 and Alter000031. (See attached documents).   By failing to search and produced electronic records in their native format Defendants have been able to manipulate data and leave out key pieces of information.

 Defendants' counsel stated on September 23, 2013,  "that it was her understanding that a search was conducted but that nothing was found. " However, Defendants have yet to identify the person or entity conducting a search, what systems were searched, what the exact results of the search yielded, the search terms used, and what if any directives were given to Defendants' by counsel regarding their obligations to preserve electronic data. [2] *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y.2003); *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432

---

[2]

Page 5

(S.D.N.Y.2004) and see *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 262 (D. Md. 2008) (the Court held that Defendants neither identified the keywords selected nor the qualifications of the persons who selected them to design a proper search; they failed to demonstrate that there was quality-assurance testing; and when their production was challenged by the Plaintiff, they failed to carry their burden of explaining what they had done and why it was sufficient.) Certainly, Defendants are not in compliance with the mandate of FRCP 26, 34 and 37 and should be compelled to comply.

**(2) Plaintiff objects to Defendants' responses to the first through eighth document requests.**

*1.        Any and all documents, E-mails, and electronically stored information ("ESI") (as defined above to include electronic information containing metadata in native format) containing agreements or discussions related to LISA ALTER'S employment with THE ROCKY POINT SCHOOL DISTRICT.*

Defendants' Response **"See Exhibit A", bates stamped 00001-00181, 0192-00204 and 00216.[3] "**

Plaintiff asserts that this response is incomplete as there is no evidence submitted related to Plaintiff's complaints of harassment were produced.  Plaintiff further asserts her objection related to electronic discovery noted above in Point II. A. (1)

*2.        Any and all documents, E-mails, and electronically stored information ("ESI") referenced or otherwise identified in the Complaint, including any documents that state the school board policies and/or the general policies of THE ROCKY POINT SCHOOL DISTRICT with regards to discrimination prevention, complaint procedures, and anti-retaliation.*

---

[3] Within Exhibit "A", 17 pages of the 81 pages referenced are duplicates and documents related to a person named "Claire Belmonte" were included.

Page 6

Defendants' Response **"See Exhibit A", bates stamped 00001-00181, 0192-00204 and 00216. "**

The only documents provided were copies of policies.  No other information was provided about the policies identified in the request.  Again, no evidence that any electronic discovery was completed.  There is no evidence of any training, no memos to personnel, no emails to personnel etc..  Plaintiff further asserts her objection related to electronic discovery noted above in Point II. A. (1)

3.      *Any and all documents, E-mails, and electronically stored information ("ESI") referenced or otherwise identified in the Complaint, including any documents that state the school board policies and/or the general policies of THE ROCKY POINT SCHOOL DISTRICT with regards to reasonable accommodation.*

Defendants' Response **"See Exhibit A", bates stamped 00001-00181, 0192-00204 and 00216. "**

The only documents provided were copies of policies.  No other information was provided about the policies identified in the request.  Again, no evidence that any electronic discovery was completed.  There is no evidence of any training, no memos to personnel, no emails to personnel etc..  Plaintiff further asserts her objection related to electronic discovery noted above in Point II. A. (1).

4.      *Any and all documents, E-mails, and electronically stored information ("ESI") referenced or otherwise identified in the Complaint, including any documents that state the school board policies and/or the general policies of THE ROCKY POINT SCHOOL DISTRICT with regards to the Family and Medical Leave Act (FMLA).*

Defendants' Response **"See Exhibit A", bates stamped 00001-00181, 0192-00204 and 00216. "**

The only documents provided were copies of policies.  No other information was provided about the policies identified in the request.  Again, no evidence that any electronic discovery was completed.  There is no evidence of any training, no memos to personnel, no emails to personnel etc.  Plaintiff further asserts her objection related to electronic discovery noted above in Point II. A. (1).

*5.      Any and all documents, E-mails, and ESI that detail LISA ALTER'S employment contracts with THE ROCKY POINT SCHOOL DISTRICT.*

Defendants' Response **"See Exhibit A", bates stamped 00001-00181, 0192-00204 and 00216. "**

Plaintiff asserts that this response is incomplete as there is no evidence submitted related to ESI (see objection above in Point II. A. (1)).

*6.      Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI reflecting the contract negotiations between THE ROCKY POINT SCHOOL DISTRICT and LISA ALTER in May 2010 through July 2010.*

Defendants' Response **"See Exhibit A", bates stamped 00001-00181, 0192-00204 and 00216. "**

Plaintiff asserts that this response is incomplete as there is no evidence submitted related to ESI (see objection above in Point II. A. (1)).

*7.      Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI reflecting the terms and conditions of LISA ALTER's employment contract that was signed in July 2010.*

Defendants' Response **"See Exhibit A", bates stamped 00001-00181, 0192-00204 and 00216. "**

Plaintiff asserts that this response is incomplete as there is no evidence submitted related to ESI (see objection above in Point II. A. (1)).

*8.      Any and all documents, E-mails, and ESI of LISA ALTER'S personnel file with THE ROCKY POINT SCHOOL DISTRICT.*

Defendants' Response **"See Exhibit A", bates stamped 00001-00181, 0192-00204 and 00216. "**

Page 8

There is no indication that "Exhibit A" contains a full and complete copy of Ms. Alter's personnel file. Plaintiff also asserts this response is incomplete as there is no evidence submitted related to ESI (see objection above in Point II. A. (1)).

(**3**) **Plaintiff objects to Defendants' responses to the tenth through eighteenth document production requests.**

Document production requests 10 through 18 (see below), relate to the complaint of harassment filed by the Plaintiff and information related to the investigation of such complaint.  It is well settled that such information is discoverable and not protected by attorney client privileged. Plaintiff is entitled to review the investigator notes, the report of investigation, and any electronic data associated with the investigation.  *Angelone v. Xerox Corp.*, No. 09-CV-6019, 2011 WL 4473534 (W.D.N.Y. Sept. 26, 2011).

Furthermore, requests numbered 10 through 18, also requested official communications from the Superintendent of Schools regarding her objection to the appointment of David Pearl as the investigator, the Board of Education's adoption of the Mr. Pearl as the investigator, the Board of Education's adoption of Mr. Pearl's report of investigation and other official Board of Education actions related to Ms. Alter.  Clearly these documents are in existence, as evidenced by the former Superintendent of Schools sworn statement and the fact that there were public meetings where these issues were discussed.  However, it unclear why such documentation is not being produced by Defendants.  At this juncture, the more likely explanation is that Defendants' are attempting to hide evidence that would detrimentally impact their position in this litigation contravention of FRCP 34 and 37.

Request: *10. Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI regarding LISA ALTER's complaint of sexual harassment on or around June 2, 2010.*

Defendants response **"None."**

Plaintiff objects to Defendants' response to the tenth document request. Evidence on the record confirms that such a response is false and that documentation specifically related to Plaintiff's complaints of harassment exist.  For example, a sworn statement from the Plaintiff and a sworn

statement from the former Superintendent Carla D'Ambrosio controvert this statement. Furthermore, there is no evidence at all that any electronic discovery was conducted.  Plaintiff reiterates its objections as stated above with regard to electronic discovery. As such, Defendants' response, "none" is wholly inadequate and is belied by evidence on the record.

Request: *11. Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI reflecting Dr. Carla D'Ambrosio's recommendation to have an outside investigator conduct the investigation of sexual harassment filed by LISA ALTER.*

Defendants' response: **"None."**

Plaintiff objects to Defendants' response to the eleventh document request. Evidence on the record confirms that such a response Defendants' response is false and that documentation specifically related to Dr. D'Ambrosio's recommendation exists.  Specifically, Dr. Carla D'Ambrosio stated in a sworn statement that she made a written recommendation to have an outside investigator conduct the investigation of sexual harassment filed by the Plaintiff. Further there is no evidence that Defendants conducted any electronic discovery related to this search, such as search of emails or the computer, which Dr. D'Ambrosio might have utilized to draft a letter.  Again, Plaintiff reiterates its objections with regard to electronic discovery. As such, Defendants' response, "none" is wholly inadequate and is belied by evidence on the record.

Request: *12. Any and all documents including E-mails or any other documents, communications, notes, memoranda, minutes, including ESI regarding the Board of Education meeting with LISA ALTER on June 3, 2010.*

Defendants' response: **"None."**

Plaintiff objects to Defendants' response to the twelfth document request.  The response "none" is inadequate because it indirectly implies that there are no documents, including no ESI regarding the meeting Lisa Alter had on June 3, 2010 with members of the Board of Education. Based on sworn testimony from the Plaintiff and Dr. D'Ambrosio, it appears that such documentation does exist.

Request: *13.   Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI relating to the appointment of the law firm Hamburger, Maxson, Yaffe, Knauer & McNally LLP and David Pearl, Esq. to conduct the investigation of sexual harassment filed by LISA ALTER.*

Defendants' response: **"None."**

Plaintiff objects to Defendants' response to the thirteenth document request. Defendants stated that there are no documents regarding the appointment of Hamburger, Maxson, Yaffe, Knauer & McNally LLP and David Pearl, Esq. to conduct the investigation of sexual harassment filed by Plaintiff. It is evident that the school Board or Officials participated in the decision to appoint the aforementioned. Thus, documentation must exist regarding this decision-making. As such, Defendants' response of "none" is wholly inadequate.

Request: *14.   Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI of the Rocky Point School District's Board of Education minutes relating to the adoption of Mr. Pearl's appointment to conduct the investigation of sexual harassment filed by LISA ALTER.*

Defendants' response: **"None."**

Plaintiff objects to Defendants' response to the fourteenth document request. Defendants stated that there are no documents regarding the Rocky Point School District's Board of Education minutes relating to the adoption of Mr. Pearl's appointment to conduct the investigation of sexual harassment filed by the Plaintiff. It is evident that the Board must adopt such a decision. Thus, a meeting must have been held, where minutes were recorded. Therefore, documentation must exist regarding the Board's decision-making and adoption. As such, Defendants' response of "none" is wholly inadequate.

Request: *15.   Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI of Mr. Pearl's investigation report with regards to his investigation of sexual harassment filed by LISA ALTER.*

Defendants' response: **"Object to this demand as overbroad, vague and seeks information protected by attorney client privilege."**

Plaintiff objects to Defendants' response to the fifteenth document request. Defendants objected to Plaintiff's demand to produce documents relating to Mr. Pearl's investigation report with regard to his investigation of sexual harassment filed by Plaintiff. Defendants' responses to Plaintiff's Request for Document Production was received on September 9, 2013, which was later than the agreed upon extension of August 30, 2013. As such, pursuant to the FRCP, any and all objections have been waived. With regard to Defendants' response to request number 15, even assuming that Defendants' submitted timely responses, the objection that the documents are protected by attorney client privilege would not pass muster and the Plaintiff would still have a basis to compel production. *See* FRCP 26(b)(5)(A)(ii) (Because the responding party is entitled to refuse to produce requested discovery if it is privileged or work product protected, the rules require that when doing so, the responding party must "describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.)

Request: *16.    Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI of the Rocky Point School District's Board of Education minutes reflecting the adoption of Mr. Pearl's investigation report with regards to his investigation of sexual harassment filed by LISA ALTER.*

Defendants' response: **"None."**

Plaintiff objects to Defendants' response to the sixteenth document request. Defendants stated that there are no documents regarding the Rocky Point School District's Board of Education minutes relating to the adoption of Mr. Pearl's investigation report with regard to his investigation of sexual harassment filed by Plaintiff. It is evident that the Board must have held a meeting in order to adopt Mr. Pearl's report. Thus, minutes of the meeting must have been recorded. Therefore, documentation must exist regarding the Board's decision-making and adoption. As such, Defendants' response of "none" is wholly inadequate.

Request: *17.    Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI related to and including LISA ALTER'S June 23, 2010 statement.*

Defendants' response: **"None."**

Plaintiff objects to Defendants' response to the seventeenth document request. Defendants stated that there are no documents, including ESI regarding Plaintiff's June 23, 2010 written statement. The response "none" is wholly inadequate and is belied by evidence on the record.

Request: *18. Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI detailing administrative meetings of THE ROCKY POINT SCHOOL DISTRICT and attendees of these meeting from July 2009 to August 2010.*

Defendants' response: **"None."**

Plaintiff objects to Defendants' response to the eighteenth document request. Defendants stated that there are no documents regarding administrative meetings of the Rocky Point School District and attendees of these meetings from July 2009 to August 2010. Evidence exists that there was at least one administrative meeting of the Rocky Point School District from July 2009 to August 2010. Thus, at the least, e-mails, minutes or notes must exist regarding these meetings. As such, Defendants' response of "none" is wholly inadequate.

**(4) Plaintiff Objects to Defendants' Responses to Document Production Requests 20, 21, 22, and 26.**

*20. Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI regarding LISA ALTER'S resignation letter submitted to Susan Wilson on August 25, 2010.*

Defendants' Response **"See Exhibit A", bates stamped 00253, 00258 - 00259.**

Plaintiff objects to Defendants' response to the twentieth document request as there is no evidence of electronic discovery as noted in Point II.A. (1) above. Further, the testimonial evidence on the record from the Unemployment Transcript Proceedings contravenes Defendants' response.

*21. Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI of the minutes from the August 28, 2010 Board of Education meeting where LISA ALTER'S resignation was accepted.*

Defendants' Response **"See Exhibit A" bates stamped 00253.**

Plaintiff objects to Defendants' response to the twenty first document request as there is no evidence of electronic discovery as noted in Point II.A. (1) above.  Further, the testimonial evidence on the record from the Unemployment Transcript Proceedings contravenes Defendants' response.  In addition, Plaintiff reiterates its objection that official Board of Education minutes are public documents that are in the control of the Defendants and must exist.

Request: *22.   Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI and including copies of Greg Hilton and Susan Wilson's signed contracts of employment with the ROCKY POINT SCHOOL DISTRICT for the school year 2010-2011.*

Defendants' response: **"Object to this demand as it is overbroad, vague and seeks person and confidential information of persons not party to this litigation."**

Plaintiff objects to Defendants' response to the twenty second document request. Defendants objected to Plaintiff's demand to produce documents relating to Greg Hilton and Susan Wilson's signed contracts of employment with the Rocky Point School District for the 2010-2011 school year. Defendants' responses to Plaintiff's Request for Document Production was received on September 9, 2013, which was later than the agreed upon extension of August 30, 2013. As such, pursuant to the FRCP, any and all objections have been waived.

Request: *26.   Any and all documents including E-mails or any other documents, communications, notes, memoranda, including ESI with regards to the insurance policy for THE ROCKY POINT SCHOOL DISTRICT's employment practices liability coverage.*

Defendants' response: **"None."**

Plaintiff objects to Defendants' response to the twenty sixth document request.  Defendants objected to Plaintiff's demand to produce documents relating to the Rocky Point School District's insurance policy for employment practices liability coverage. Defendants' responses to Plaintiff's Request for Document Production was received on September 9, 2013, which was later than the

agreed upon extension of August 30, 2013. As such, pursuant to the FRCP, any and all objections have been waived.

## B. Plaintiff's Objections to Defendants' Response to Plaintiff's First Set of Interrogatories.

Plaintiff objects to Defendants' general obligations, itemized in sections A-L in Defendants' Response to Plaintiff's First Set of Interrogatories. The responses to Plaintiff's Request for Interrogatories was received on September 3, 2013, which was later than the agreed upon extension of August 30, 2013. As such, pursuant to the FRCP, any and all objections have been waived.
Plaintiff objects to Defendants' objection to Plaintiff's first interrogatory. The responses to Plaintiff's Request for Interrogatories was received on September 3, 2013, which was later than the agreed upon extension of August 30, 2013. As such, pursuant to the FRCP, any and all objections have been waived.

Plaintiff objects to Defendants' objection to Plaintiff's fourth interrogatory. The responses to Plaintiff's Request for Interrogatories was received on September 3, 2013, which was later than the agreed upon extension of August 30, 2013. As such, pursuant to the FRCP, any and all objections have been waived.

Plaintiff objects to Defendants' objection to Plaintiff's sixth interrogatory. The responses to Plaintiff's Request for Interrogatories was received on September 3, 2013, which was later than the agreed upon extension of August 30, 2013. As such, pursuant to the FRCP, any and all objections have been waived.

Plaintiff objects to Defendants' objection to Plaintiff's eleventh interrogatory. The responses to Plaintiff's Request for Interrogatories was received on September 3, 2013, which was later than the agreed upon extension of August 30, 2013. As such, pursuant to the FRCP, any and all objections have been waived.

Plaintiff objects to Defendants' objection to Plaintiff's twelfth interrogatory. The responses to Plaintiff's Request for Interrogatories was received on September 3, 2013, which was later than

the agreed upon extension of August 30, 2013. As such, pursuant to the FRCP, any and all objections have been waived.

Plaintiff objects to Defendants' objection to Plaintiff's thirteenth interrogatory. The responses to Plaintiff's Request for Interrogatories was received on September 3, 2013, which was later than the agreed upon extension of August 30, 2013. As such, pursuant to the FRCP, any and all objections have been waived.

Plaintiff objects to Defendants' objection to Plaintiff's sixteenth interrogatory. The responses to Plaintiff's Request for Interrogatories was received on September 3, 2013, which was later than the agreed upon extension of August 30, 2013. As such, pursuant to the FRCP, any and all objections have been waived.

Plaintiff objects to Defendants' objection to Plaintiff's seventeenth interrogatory. The responses to Plaintiff's Request for Interrogatories was received on September 3, 2013, which was later than the agreed upon extension of August 30, 2013. As such, pursuant to the FRCP, any and all objections have been waived.


**WHEREFORE**, pursuant to FRCP 37, the Plaintiff moves this court for the entry of an order compelling the Defendants to provide discovery responses to cure the above-listed deficiencies within fourteen (14) days. Defendants further respectfully request that the Court order Defendants and/or their counsel to pay the expenses and attorney fees incurred by Plaintiff in filing this motion. Plaintiff further respectfully requests such other or additional relief as this Court deems fair and just.

By: Sima Ali, Esq. (SA - 4423)

From: LAlter@rockypoint.k12.ny.us
To: <jdalter@aol.com>
Date: Mon 26 Jul 2010 07:32:04 AM -0400
Cc:
Subject: FW:

Lisa Alter

-----Original Message-----
From: Ring, Michael
Sent: Wed 6/30/2010 7:06 AM
To: Alter, Lisa
Cc: dpearl@hmylaw.com
Subject:

Lisa

As you know, it is my intention to recommend to the Board that you be reappointed for the 2010-11 fiscal year. As you also know, David has been working on a 2010-11 contract for your position. I believe he has completed his process and has authorization to review the contract with both of us. Please let me know if you will be in tomorrow so we may review the contract prior to Board action. If you are, I will check David's schedule and get back to you.

On a different topic, would you please contact Ronnie Gilbert and ask her to provide definition as to why individuals listed on the personnel agenda for sports are at different rates. Specifically, Maria Amoscato is at $20.00 per hour for Softball, then there are nine listed for Lacrosse at $8 and another eight listed for Lacrosse at $15, also differences in Tennis, etc. I need to know if there are concrete distinctions in titles, responsibilities, certifications, etc. Also, I see Daniel Spallina listed as Chocolate Making. Is that correct? I thought he was athletics. Lastly, what is the earliest date of start for each of these positions?

Regards,

Mike

Dr. Michael F. Ring
Assistant Superintendent for Finance and Operations
Rocky Point Union Free School District
90 Rocky Point - Yaphank Road
Rocky Point, NY 11778
631-849-7502
mring@rockypoint.k12.ny.us

The information contained in this e-mail message may be confidential. Distribution of the material contained in this e-mail message may violate the Family Educational Rights and Privacy Act, the Freedom of Information Law, Health Insurance Portability and Accountability Act of 1996 and/or other applicable state or federal law. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and any attached documents in error, that any review, dissemination, distribution, or copying of the message and documents is strictly prohibited. If you have received this message in error, please notify us by telephone immediately and delete it and any accompanying documents.

# EXHIBIT F

Alter000029

## Alter, Lisa

**From:** Ring, Michael
**Sent:** Wednesday, June 30, 2010 12:06 PM
**To:** Alter, Lisa
**Subject:** RE:

Lisa

Thanks for the information.

I don't have a time yet as David hasn't responded.  I don't know if he has been at DO but I will try to nail him down.
As for a copy, I haven't seen a draft since nearly a month ago so I don't have one to send.  When I get to David I
will ask if he will have his office email a draft to each of us for review.

Regards,

Mike

## Dr. Michael F. Ring
Assistant Superintendent for Finance and Operations
Rocky Point Union Free School District
90 Rocky Point - Yaphank Road
Rocky Point, NY  11778
631-849-7502
mring@rockypoint.k12.ny.us

*The information contained in this e-mail message may be confidential.  Distribution of the material contained in this e-mail
message may violate the Family Educational Rights and Privacy Act, the Freedom of Information Law, Health Insurance
Portability and Accountability Act of 1996 and/or other applicable state or federal law.  If the reader of this message is not the
intended recipient, you are hereby notified that you have received this message and any attached documents in error, that any
review, dissemination, distribution, or copying of the message and documents is strictly prohibited.  If you have received this
message in error, please notify us by telephone immediately and delete it and any accompanying documents.*

**From:** Alter, Lisa
**Sent:** Wed 6/30/2010 12:00 PM
**To:** Ring, Michael
**Subject:** RE:

Good morning, Mike.
I am able to sit with you and David tomorrow to review the terms of my contract.  Please let me know what time
would be good for the both of you..  Is there any way that you can email me a copy of the contract ahead of time?

As for the community education questions, instructors are paid at the rate of 20.00 per hour.  High School Student
Assistants get paid $8/hr and College Student Assistants get paid $15/hr.  The earliest start dates would be the first
day for the week long course. We used to put the specific dates on the agenda but ran into trouble when classes
needed to be change, ie weather cancellations, and they were only board approved for the specific dates.  Let me
know if you need this changed.

Daniel Spallina is correct.  He will be helping with the chocolate making class.

Let me know if you need any additional information.
Thanks.

7/20/2010

Alter000030

Lisa

---

**From:** Ring, Michael
**Sent:** Wednesday, June 30, 2010 7:07 AM
**To:** Alter, Lisa
**Cc:** dpearl@hmylaw.com
**Subject:**

Lisa

As you know, it is my intention to recommend to the Board that you be reappointed for the 2010-11 fiscal year.  As you also know, David has been working on a 2010-11 contract for your position.  I believe he has completed his process and has authorization to review the contract with both of us.  Please let me know if you will be in tomorrow so we may review the contract prior to Board action.  If you are, I will check David's schedule and get back to you.

On a different topic, would you please contact Ronnie Gilbert and ask her to provide definition as to why individuals listed on the personnel agenda for sports are at different rates.  Specifically, Maria Amoscato is at $20.00 per hour for Softball, then there are nine listed for Lacrosse at $8 and another eight listed for Lacrosse at $15, also differences in Tennis, etc.  I need to know if there are concrete distinctions in titles, responsibilities, certifications, etc.  Also, I see Daniel Spallina listed as Chocolate Making.  Is that correct?  I thought he was athletics.  Lastly, what is the earliest date of start for each of these positions?

Regards,

Mike

## Dr. Michael F. Ring
Assistant Superintendent for Finance and Operations
Rocky Point Union Free School District
90 Rocky Point - Yaphank Road
Rocky Point, NY  11778
631-849-7502
mring@rockypoint.k12.ny.us

*The information contained in this e-mail message may be confidential.  Distribution of the material contained in this e-mail message may violate the Family Educational Rights and Privacy Act, the Freedom of Information Law, Health Insurance Portability and Accountability Act of 1996 and/or other applicable state or federal law.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and any attached documents in error, that any review, dissemination, distribution, or copying of the message and documents is strictly prohibited.  If you have received this message in error, please notify us by telephone immediately and delete it and any accompanying documents.*

7/20/2010